IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOSE LUIS MARTINEZ PEREZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | )    1:26-cv-1897 (AJT-WBP) |
| MARKWAYNE MULLIN, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**<u>ORDER</u>**

Before the Court is Petitioner Jose Luis Martinez Perez's Petition for Writ of Habeas

Corpus, [Doc. No. 1] (the "Petition"), filed on June 30, 2026.

Petitioner is a native and citizen of El Salvador, who entered the United States without

inspection in or around 2005. [Doc. No. 1] ¶ 35. Petitioner resides in Virginia, and has two U.S.

citizen children, ages 14 and 12. *Id.* ¶ 36. On June 21, 2026, Petitioner was arrested and detained

by immigration authorities, following which he was transferred to the Farmville Detention Facility

without any opportunity to post bond. *Id.* ¶¶ 37–38, 41.

On July 1, 2026, in response to a Court order, Respondents submitted that the factual and

legal issues presented in the Petition do not differ in any material fashion from those presented in

*Hernandez v. Crawford*, No. 1:25-CV-01565-AJTWBP, 2025 WL 2940702 (E.D. Va. Oct. 16,

2025), or the other opinions of this Court cited therein. [Doc. No. 4]. In light of the foregoing, the

Court determines, as it did in *Hernandez*, that Petitioner's detention is governed by section

1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and

under section 1226(a) and as a matter of constitutional due process, Petitioner is entitled to a bond

hearing before an Immigration Judge. Accordingly, the Petition is **GRANTED** and it is hereby

**ORDERED** that Petitioner be immediately released from custody with all his personal property, pending his bond hearing before an immigration judge; and it is further

**ORDERED** that Petitioner live at a fixed address and file that address to the Court under seal within twenty-four (24) hours of the issuance of this Order; and it is further

**ORDERED** that should Petitioner be re-detained in the future, Respondents must provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and notify him of its date, time, and location; and it is further

**ORDERED** that Respondents are ENJOINED from denying Petitioner's release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), or from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2); and it is further

**ORDERED** that, if Petitioner is released on bond, Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or is detained pursuant to a valid, final order of removal.

The Clerk is directed to send copies of this Order to all counsel of record, and to terminate the case.

July 2, 2026
Alexandria, Virginia

_____
Anthony J. Trenga
United States District Judge

2